UNITED STATES DISTRICT COURT
Western District of Texas
San Antonio Division

FILED
APR 20 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| DOUGLAS BROWN and<br>MELISSA BROWN | §<br>§<br>§ | CASE NUMBER: |
| V. | §<br>§ | SA09CA0306 FB |
| CREDITORS FINANCIAL GROUP, LLC | §<br>§ | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiffs, Douglas and Melissa Brown, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA.

2. Defendant, Creditors Financial Group, LLC ("Creditors") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiffs, arising from a purported obligation to MBNA. The obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Creditors may be served by serving its registered agent, CT Corporation Systems, at 350 North St. Paul St., Dallas, Texas 75201.

### JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief,

including rescission, restitution, and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendants transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, Creditors Financial Group, LLC, is a collection agency in with an office in Auroa, Colorado and is in the business of collecting consumer debt. Creditors engaged in the business of collecting consumer debts in the Western District of Texas. The principal purpose of Creditors business is the collection of consumer debts using the mail, telephone, and regularly attempts to collect consumer debts for others. Creditor is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Plaintiffs, Douglas and Melissa Brown are individuals who reside in Helotes, Texas and are consumers as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. In or about the month of April, 2008 Defendant or employees of the Defendant contacted the Plaintiffs in an attempt to collect the purported debt. During the initial telephone call to Plaintiffs' residence, Defendant spoke to the Plaintiffs' 11 year old daughter. Defendant questioned the 11 year old daughter as to why she was answering the phone if she was the only one home.

11. In or about May, 2008, Defendant contacted Plaintiff, Douglas Brown's parents. During this telephone call Defendant stated he was trying to reach Plaintiffs about "paying his financial obligations" and that Plaintiff, Douglas Brown, needed to put his "Big boy pants on" and call Defendant's office.

12. Again in or about May, 2008 Defendant called Plaintiffs' residence and spoke to Plaintiff, Melissa Brown's mother who was babysitting at the time. The first time the telephone rang Plaintiff's mother could not hear anyone on the other line and hung up. Defendant immediately called again and spoke to Plaintiff's mother again and stated, "Don't play games with me, I know you can hear me." Defendant demanded to know who she was and where the Plaintiffs were, Plaintiff's mother refused to state where the Plaintiffs were except that they were not home and she was there babysitting. Defendant demanded to have an emergency contact number for Plaintiffs so that he could discuss the "financial obligation". Plaintiff's mother refused to provide Defendant with any telephone numbers and Defendant became irate and stated, "Your babysitting and if there is an emergency you don't have a number to contact them?" Plaintiff's mother stated that she did have an emergency number but that she was not going to give it to him.

13. Again in or about May, 2008 Defendant called Plaintiffs' residence and spoke to Plaintiff, Melissa Brown. Plaintiff explained to Defendant that her husband had

been unemployed for about 3 years. Plaintiff explained that there household income was only $2,000 per month and that their mortgage payment was $1,400 and that they were not able to pay on this account at this time. Defendant began drilling Plaintiff on how she was making her mortgage payments and living expenses. Defendant called Plaintiff "white trash" and said that Plaintiff was "lying".

14. On or about June 21, 2008, Plaintiffs sent Defendant a dispute letter and a cease and desist letter.

15. On or about July 3, 2008, an employee of the Defendants named, Steven, telephoned Plaintiffs' residence despite having received the cease and desist letter. This time Defendant spoke to Plaintiffs' 20 year old son, who stated that the Plaintiffs were not home at the time. Defendant stated that he would bring the Plaintiffs' son up on obstruction charges if he did not put the Plaintiffs on the phone. Plaintiffs' son stated that he was not going to talk to Defendant because Defendant was being harassing. Defendant stated the Plaintiffs' son probably couldn't even spell harassing and that he was a "flunkie." Defendant also questioned Plaintiffs' son stating, "Your from Alabama aren't you? I can tell."

16. On or about July 3, 2008 Defendant again telephoned Plaintiffs residence despite having received the cease and desist letter. This time Plaintiffs were home and were able to accept the telephone call. Steven was the caller again for the Defendant and stated that Plaintiffs were "gutless" for not paying his financial obligation.

17. At no time did Defendant ever provide Plaintiffs with the Mini-Miranda warnings.

18. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

19. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

20. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation of § 1692e(11) of the FDCPA –
### Failing to Provide the "Mini-Miranda Warning"

21. Plaintiffs adopts and realleges ¶ 1-20.

22. Section 1692e(11) of the FDCPA requires the debt collector inform the debtor of his or her rights, failing to provide such notice is a false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. Defendant failed to provide the "Mini-Miranda Warning" to the Plaintiffs, which thus violates § 1692e(11) of the FDCPA.

24. Defendant's violations of § 1692e(11) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT II
### Violation of § 1692c(b) of the FDCPA –
### Third Party Disclosure

25. Plaintiff adopts and realleges ¶ 1-20.

26. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with anyone other than the consumer, the consumers attorney, or a credit bureau in connection with the collection of a debt.

27. On multiple occasions Defendant disclosed that they were attempting to collect an unpaid financial obligation to Plaintiffs' parents and son.

28. All of the Defendant's acts as stated above violate § 1692c(b) of the FDCPA.

29. Defendant's violations of § 1692c(b) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT III
### Violation of § 1692d of the FDCPA –
### Engaging in Conduct that is Harassing, Oppressive, and Abusive

30. Plaintiff adopts and realleges ¶ 1-20.

31. Section 1692d of the FDCPA prohibits a debt collector from using any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. More specifically, Section 1692d(2) prohibits the use of profane language or other abusive language.

32. Defendant used abusive language toward the Plaintiffs and Plaintiffs relatives on several occasions.

33. Defendant called Plaintiffs and Plaintiffs relatives the following abusive names:

    i. "Lairs"

    ii. Plaintiff needed to put his "Big Boy Pants on"

    iii. "White Trash"

    iv. "Your from Alabama aren't you? I can tell."

   v. "Gutless"

   vi. "Flunkie"

34. All of the Defendant's acts as stated above violate § 1692d of the FDCPA.

35. Defendant's violations of § 1692d of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT IV
### Violation of § 1692e of the FDCPA –
### False or Misleading Representations in Communications

36. Plaintiff adopts and realleges ¶ 1-20.

37. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of a debt. More specifically, Section 1692e(4) prohibits the representation that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment or attachment.

38. Defendant threatened that he would bring the Plaintiffs' son up on "obstruction charges of collecting a debt" for refusing to tell Defendant where the Plaintiffs were.

39. All of the Defendant's acts as stated above violate § 1692e of the FDCPA.

40. Defendant's violations of § 1692e of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT V
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.304

41. Plaintiff adopts and realleges ¶ 1-20.

42. Defendant violated the TDCA by using false fraudulent, deceptive and misleading representations and deceptive means to collect a consumer debt.

43. Defendant violated the TDCA by failing to state that they were attempting to collect a debt and that any information obtained would be used for that purpose.

44. Defendant violated the TDCA by failing to state that the communication was from a debt collector.

45. Defendant violated the TDCA by representing using false representations and deceptive means to collect a debt.

46. Under Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT VI
### Violations of the Texas Deceptive Trades Practices Act

47. Plaintiff adopts and realleges ¶ 1-20.

48. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

## PRAYER FOR RELIEF

Plaintiff, Douglas & Melissa Brown, prays that this Court:

1. Declare that Defendants' debt collections practices violated the FDCPA and TDCA;

2. Enjoin the Defendants' actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiffs and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Enter judgment in favor of Plaintiffs and against Defendants for treble damages as provided by Tex. Fin. Code Ann. § 392.403.

5. Grant such further relief as deemed just.

Respectfully submitted,

The Heston Law Firm, PC

_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
2909 Hillcroft
Suite 410
Houston, TX 77057
713-270-4833 – phone
713-270-6773 – fax
ATTORNEY'S FOR PLAINTIFF